IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMITTEE FOR MASSACHUSETTS VOTER IDENTIFICATION BALLOT QUESTION,<br><br>Plaintiff,<br><br>v.<br><br>HON. WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | Civil Action No.: 1:24-cv-12029<br><br>**COMPLAINT** |

Plaintiff The Committee for Massachusetts Voter Identification Ballot Question hereby brings its Complaint against Defendant the Hon. William Francis Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts ("Commonwealth"), and alleges as follows:

**NATURE OF ACTION**

1.  This is an action for declaratory and injunctive relief against Defendant for violations of 52 U.S.C. § 20507(i)(1) (the "Public Disclosure Provision" of the National Voter Registration Act of 1993 ("NVRA")).

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b) because the action seeks declaratory and injunctive relief under the NVRA.

3.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4.      Plaintiff is a political committee registered with the Massachusetts Office of Campaign and Political Finance (CPF ID 95517) and with its principal place of business located at 167 Washington Street, Norwell, MA 02061-1797.  Its purpose is to promote the integrity of elections by supporting a Voter ID ballot question in the Commonwealth of Massachusetts.  It is comprised of grass roots activists who, among other activities, research and analyze public records to determine whether voter rolls are current, accurate, and comply with federal and state law.

5.      On information and belief, Defendant is the Chief Election Official of the Commonwealth, with a principal place of business located at 1 Ashburton Place, Boston, MA 02108-1512.

## FACTS

6.      The NVRA provides, in relevant part, that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]"  52 U.S.C. § 20507(i)(1).

7.      The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right

that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

8. The Public Disclosure Provision is designed to "ensure that election officials are fulfilling their list maintenance duties" and is "available to any member of the public." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12 (S.D. Fla. Mar. 30, 2018). The Public Disclosure Provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs. … Accordingly, election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls." *Id*. at *12-13 (emphasis added).

9. On December 3, 2023 Plaintiff's then President, Joanne Miksis, requested a copy of the Massachusetts statewide voter registration list and copies of all Member Data files that the Commonwealth transmitted since January 1, 2023 to the Electronic Registration Information Center, Inc. ("ERIC") pursuant to the Membership Agreement between the Commonwealth and ERIC dated June 16, 2022. *See* Ex. A.

10. On December 18, 2023 Defendant's office responded (i) that it would provide the requested list provided that Plaintiff first sign a "licensing agreement," and (ii) that it had no responsive records with respect to the Member Data files. *See* Ex. B.

11. Plaintiff attempted to get the licensing agreement from Defendant's office three times: on December 22, 2023; January 4, 2024; and January 10, 2024. *See* Ex. C. Notwithstanding these attempts, Plaintiff has not received the licensing agreement.

12. In a Notice Letter dated April 2, 2024 and sent pursuant to 52 U.S.C. § 20510(b), Plaintiff notified Defendant that Defendant was in violation of the NVRA for

failure to permit inspection of its voter list maintenance records and Member Data Files as 52 U.S.C. § 20507(i) requires.  *See* Ex. D.  The Notice Letter notified Defendant that the requested list and Member Data files fall within the scope of NVRA.  *Id.*

13. Defendant received the hardcopy of the Notice Letter on April 3, 2024.  *See* Ex. E.

14. Defendant has not cured its violation of the NVRA within ninety days of receipt of the Notice Letter as the statute requires.  52 U.S.C. § 20510(b)(2).

15. The requested list and Member Data files are records within the scope of the NVRA's Public Disclosure Provision because they relate to voter list registration and maintenance activities.

16. Indeed, on February 2, 2024, the First Circuit Court of Appeals confirmed that the State of Maine's "Voter File plainly relates to the carrying out of Maine's voter list registration and maintenance activities and is thereby subject to disclosure under Section 8(i)(1)."[1]  *Pub. Int. Legal Found., Inc. v. Bellows*, 94 F.4th 36, 47 (1st Cir. 2024).

17. Defendant's violations of the NVRA are causing Plaintiff to suffer a concrete informational injury because Plaintiff does not have records and information to which it is entitled under federal law.  *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").  This "informational injury" is causing Plaintiff to suffer additional adverse effects.

18. Plaintiff gathers information about the state of the voter rolls across the Commonwealth for the purpose of assessing the accuracy and currency of the rolls and

---

[1] Section 8(i) of the NVRA is codified at 52 U.S.C. § 20507(i).

whether officials are complying with state and federal voter list maintenance requirements and standards, as well as other best practices.

19. Plaintiff intends to use the requested list and Member Data files to further study and investigate the Commonwealth's voter list maintenance activities and the Commonwealth's compliance with state and federal law, and other best practices.

20. Defendant's denial of the requested list and Member Data files affects Plaintiff's efforts and will influence where Plaintiff deploys its resources for further investigations, communications with certain election officials, and necessary remedial measures.

21. Defendant's failure to provide the requested list and Member Data files pursuant to federal law causes harm to Plaintiff, as Plaintiff is required to expend additional resources and staff, while limiting Plaintiff's ability to fund other pending investigations.

22. Plaintiff needs to keep its institutional knowledge current and accurate so it can operate efficiently and effectively, including for the purposes that Congress intended under the NVRA. 52 U.S.C. § 20501(b). The failure of Defendant to provide the requested list and Member Data files impairs and directly frustrates Plaintiff's accumulation of institutional knowledge about government officials' practices to maintain the integrity of voter rolls in the Commonwealth. This impairment harms Plaintiff's ability to accurately and comprehensively educate the public and election officials about numerous circumstances, including the state of their own voter rolls. This impairment harms Plaintiff's ability to accurately and comprehensively educate members of Congress about numerous circumstances, including possible amendments to the NVRA, compliance with federal law by state officials, and the effectiveness of the NVRA's four articulated legislative purposes. *Id.*

23. By denying Plaintiff the ability to obtain the requested list and Member Data files, Defendant is also impairing Plaintiff's ability to, *inter alia*, (1) study and analyze the Commonwealth's voter list maintenance programs and activities; (2) assess the Commonwealth's enforcement of state and federal voter eligibility requirements; (3) assess the Commonwealth's compliance with state and federal voter list maintenance obligations, and other best practices; and (4) aid the Commonwealth in carrying out voter list maintenance programs and activities, and other best practices, thus injuring Plaintiff.

24. Plaintiff intends to request similar records from the Defendant in the future.

## COUNT I

### Violation of 52 U.S.C. § 20507(i)

25. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-24.

26. On information and belief, the requested list and Member Data files are in Defendant's possession, custody, and control.

27. Defendant is denying Plaintiff access to records within the scope of the NVRA's Public Disclosure Provision and thereby violating the NVRA's Public Disclosure Provision.

28. Plaintiff is entitled to relief but has no adequate remedy at law.

## PRAYER FOR RELIEF

A. WHEREFORE, Plaintiff prays for relief as follows:

B. Declaring that Defendant is in violation of 52 U.S.C. § 20507(i) for denying Plaintiff the opportunity to inspect and copy at reasonable cost the requested list and Member Data files.

    C.    Declaring that 52 U.S.C. § 20507(i) preempts and supersedes any state statute, code, regulation, practice, and/or policy that prevents Plaintiff from inspecting and copying the requested list and Member Data files, or data contained in them.

    D.    Ordering that Defendant provide the requested list and Member Data files to Plaintiff.

    E.    Permanently enjoining Defendant from denying similar requests in the future.

    F.    Ordering Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and

    G.    Granting Plaintiff such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: August 6, 2024

/s/Brian M. Gaff
Brian M. Gaff (BBO No. 642297)
215 South Broadway, Suite 308
Salem, NH 03079-3374
857-719-0100
781-581-9134 (fax)
bgaff@lawbmg.com

*Attorney for The Committee for Massachusetts Voter Identification Ballot Question.*