**EXHIBIT 4**

**Exhibit 4**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMITTEE FOR MASSACHUSETTS VOTER IDENTIFICATION BALLOT QUESTION, <br><br> Plaintiff, <br><br> v. <br><br> HON. WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts, <br><br> Defendant. | Civil Action No.: 1:24-cv-12029-NMG |

## DECLARATION OF EDITH RISSER

1.     I, Edith Risser, have personal knowledge of the facts and opinions stated herein and, unless otherwise noted, I am competent to testify to the same.

2.     I reside at 70 Todd Pond Road, Lincoln, MA  01773-3808.

3.     I am a member of the Committee for Massachusetts Voter Identification Ballot Question ("Committee"), Plaintiff in the above-captioned matter.

4.     In my capacity as a member of the Committee, I analyze voter rolls to identify errors and inconsistencies, and to ensure that voter rolls are current, accurate, and comply with federal and state law.

5.     In connection with my analyses, for at least the past year I have attempted to obtain a copy of the Massachusetts statewide registered voter list.  I have been unable to get that list from Defendant.

6.     I have, therefore, tried to obtain a list of registered voters in each of the 351 cities and towns in the Commonwealth from the clerks in each city and town.  I have not succeeded in

DECLARATION OF EDITH RISSER                                                                                    PAGE 1 OF 4

**Page 1 of 4**

this endeavor.

7.      One of the first problems that I experienced with this approach is that preparing and submitting, via email, a request to each city and town for its voter list is very time consuming to complete for all cities and towns in the Commonwealth.  This is especially true when a city or town does not accept email requests or when email requests are misdelivered.  Resolving those issues adds significant extra time to complete all of the requests.

8.      Another problem is that some of the clerks do not respond to the requests at all, respond with the incorrect information, or do not respond to the requests in a timely manner.  I have been informed that the clerks must generally respond to requests such as mine in ten to twenty-five business days.  Notwithstanding this, some clerks have taken approximately three months to respond.

9.      I have been informed that each clerk obtains the voter list for their city or town by submitting a request to Defendant's Voter Registration Information System ("VRIS").  Furthermore, I have been informed that the VRIS responds to each clerk with an electronic data extract that contains the requested information.

10.      Yet another problem occurs when the clerks modify the data extract that the VRIS provides.  These modifications have included: redaction of public information, encryption of public information, and reformatting of the extract so as to make it difficult or impossible to use.  There is no basis for the clerks to make these modifications.  Furthermore, I am concerned that modifications by the clerks might call into question the authenticity and/or accuracy of the data extracts.

11.      As a consequence of this, the responses that I have received from the clerks have been non-uniform and inconsistent; some clerks modify the extracts, others do not.  It has been

**Exhibit 4**

virtually impossible to combine these differing extracts into a single, comprehensive statewide voter list within any reasonable time frame. Furthermore, combining the extracts requires me to modify them first; for example, to add missing information such as the name of the city or town as a data field.[1] I am concerned that my modifications might call into question the authenticity and/or accuracy of the data extracts.

12. A major concern I have about making individual requests to each clerk is that the data I receive is not from a single point in time. In other words, the clerks acting on each of my requests have likely entered each request into the VRIS on different days and/or times depending on when they receive the request and their other responsibilities that occupy their time. Consequently, Defendant's VRIS will generate extracts containing the requested data for different cities and towns on different days and/or times. Therefore, changes made to voter information after the VRIS generates one extract but before it generates another extract could lead to inconsistent or erroneous results; e.g., a person might appear as a registered voter in two towns following a move. Locating and eliminating these errors would be time consuming and likely impossible.

13. In my opinion, the only way to obtain a single, comprehensive, and accurate statewide voter list is to make a single request to Defendant who can generate that list through a simple extract from the VRIS under his control.

---

[1] The data extracts that I have received from individual cities and towns typically do not include the name of the municipality as a data field, likely because it is superfluous—each voter record in a given extract is from only that municipality. However, before combining extracts from multiple municipalities, I must add a new data field containing the name of that municipality to each municipality's extract. That ensures that the records remain distinguishable after being combined.

DECLARATION OF EDITH RISSER                                              PAGE 3 OF 4

**Exhibit 4**

I declare under penalty of perjury under laws of the United States of America and the Commonwealth of Massachusetts that the foregoing is true and correct and that this Declaration was executed on this 29th day of November 2024.

*Edith Risser*

Edith Risser
